# COMPOSITE
# EXHIBIT "D"



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◄◄ BACK

**DORIS AGATHA MAYLOR VS WAL-MART STORES EAST, LP**

| | | | |
|---|---|---|---|
| Local Case Number: | 2022-013514-CA-01 | Filing Date: | 07/21/2022 |
| State Case Number: | 132022CA013514000001 | Judicial Section: | CA04 |
| Consolidated Case No.: | N/A | Case Type: | Comm Premises Liability |
| Case Status: | OPEN | | |

## 👥 Parties                                              Total Of Parties: 2  —

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | MAYLOR, DORIS AGATHA | B#:  (Bar Number)92229 N:  (Attorney Name)Abel, Evan S | |
| Defendant | WAL-MART STORES EAST, LP | | |

## 🔧 Hearing Details                                      Total Of Hearings: 0  +

## 📶 Dockets                                              Total Of Dockets: 15  —

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 15 | 08/25/2022 | | Answer and Demand for Jury Trial | Event | |
| 📄 | 14 | 08/22/2022 | | Motion for Extension of Time | Event | |
| 📄 | 13 | 08/15/2022 | | Email Notice: | Event | **SERVICE@LGPLAW.COM** |
| 📄 | 12 | 08/15/2022 | | Notice of Appearance | Event | |
| 📄 | 11 | 08/09/2022 | | Service Returned | Event | |
| | | 07/28/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 10 | 07/28/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 8.** Parties: WAL-MART STORES EAST LP |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 9 | 07/28/2022 | | Receipt: | Event | RECEIPT#:3000044 AMT PAID:$10.00 NAME:ABEL, EVAN S 9150 S DADELAND BLVD STE 1400 MIAMI FL 33156-7855 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:07/28/2022 REGISTER#:300 CASHIER:EFILINGUSER |
| | 7 | 07/23/2022 | | Receipt: | Event | RECEIPT#:3060126 AMT PAID:$401.00 NAME:ABEL, EVAN S 9150 S DADELAND BLVD STE 1400 MIAMI FL 33156-7855 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:07/23/2022 REGISTER#:306 CASHIER:EFILINGUSER |
| 📄 | 8 | 07/22/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 5 | 07/21/2022 | | Request for Admissions | Event | |
| 📄 | 4 | 07/21/2022 | | Request for Production | Event | |
| 📄 | 3 | 07/21/2022 | | Notice of Interrogatory | Event | |
| 📄 | 2 | 07/21/2022 | | Complaint | Event | |
| 📄 | 1 | 07/21/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us



About Us



# HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.





**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>DORIS AGATHA MAYLOR</u>
Plaintiff                                                      Case # _____
                                                                  Judge _____

vs.

<u>WAL-MART STORES EAST, LP</u>
 Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Evan Abel              Fla. Bar # 092229
      Attorney or party                   (Bar # if attorney)

Evan Abel              07/21/2022
  (type or print name)              Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

DORIS AGATHA MAYLOR,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

CIVIL DIVISION
CASE NO.:

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DORIS AGATHA MAYLOR, by and through the undersigned counsel, hereby sues Defendant, WAL-MART STORES EAST, LP and alleges:

1.      This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2.      At all times material hereto, Plaintiff, DORIS AGATHA MAYLOR, was and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

3.      At all times material hereto, Defendant, WAL-MART STORES EAST, LP, was and is a Foreign Limited Partnership doing business in Miami-Dade County, Florida.

4.      Venue is proper in this County in that all of the acts complained of herein occurred in Miami-Dade County, Florida.

5.      On or about June 13, 2020, Plaintiff, DORIS AGATHA MAYLOR, was a business invitee of Defendant, WAL-MART STORES EAST, LP's premises located at 17650 NW 2nd Ave, Miami Gardens, FL 33169.

## COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST, LP

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 5 as if fully set forth herein.

6.      At all times material hereto, and specifically on June 13, 2020, Defendant, WAL-MART STORES EAST, LP, owned, managed, controlled, operated, and/or maintained the premises located at 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County.

7.      On or about June 13, 2020, Plaintiff, DORIS AGATHA MAYLOR, was lawfully in Defendant, WAL-MART STORES EAST, LP's premises, when she slipped and fell due to plastic left on the floor.

8.      Defendant owed to its business invitees a duty to provide a reasonably safe environment.

9.      That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a.      By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing plastic to remain on the floor, and to prevent dangerous conditions from occurring; and/or

b.      By failing to warn of the dangerous condition that existed at the time of Plaintiff's incident; and/or

c.      Failing to place barricades or other marking devices utilized to alert customers such as Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d.      By failing to remove said plastic from the floor of the premises; and/or

e.      By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

      f.     Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing plastic to be left on the floor of the premises so as to cause the Plaintiff's injury.

10.     Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to Plaintiff, and the condition had existed for a sufficient length of time that Defendant knew or should have known of the condition and could have easily remedied it; and/or

11.     The hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that Defendant should have known of its existence.

12.     As a direct and proximate result of the aforementioned negligence of Defendant, WAL-MART STORES EAST, LP, Plaintiff, DORIS AGATHA MAYLOR, sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and Plaintiff, DORIS AGATHA MAYLOR will suffer the losses into the future.

WHEREFORE, Plaintiff, DORIS AGATHA MAYLOR, hereby demands judgment for damages, costs and interest from Defendant, WAL-MART STORES EAST, LP, together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, DORIS AGATHA MAYLOR, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: 7/21/2022

RUBENSTEIN LAW, P.A.
Attorneys for Plaintiff
9130 S. Dadeland Blvd.
Penthouse Suite
Miami, FL 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: eabel@rubensteinlaw.com
cbarros@rubensteinlaw.com
eservice@rubensteinlaw.com

By:    /s/ Evan S. Abel
EVAN S. ABEL
FBN: 092229

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

DORIS AGATHA MAYLOR,                        CIVIL DIVISION
                                            CASE NO.:
        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.
_____/

## PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT WAL-MART STORES EAST, LP

        The Plaintiff, Doris Agatha Maylor, by and through the undersigned attorney, hereby gives notice of propounding Plaintiff's Initial Interrogatories upon the Defendant, Wal-Mart Stores East, LP to be answered within forty-five (45) days from the date of service pursuant to the Florida Rules of Civil Procedure.

        I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, Wal-Mart Stores East, LP.

        Dated: 7/21/2022

                                    RUBENSTEIN LAW, P.A.
                                    Attorneys for Plaintiff
                                    9130 S. Dadeland Blvd.
                                    Penthouse Suite
                                    Miami, FL 33156
                                    Phone: (305) 661-6000
                                    Fax: (305) 670-7555
                                    Email: eabel@rubensteinlaw.com
                                    cbarros@rubensteinlaw.com
                                    eservice@rubensteinlaw.com

                            By:    /s/ Evan S. Abel
                                    EVAN S. ABEL
                                    FBN: 092229

**PLAINTIFF'S INITIAL INTERROGATORIES TO DEFENDANT, WAL-MART STORES EAST, LP**

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1.   State the full name, address and position with Defendant of the person answering these interrogatories.

2.   State the full name, address and position with Defendant of the person(s) who was responsible for the inspection, maintenance, and/or cleaning of the area where Plaintiff fell on June 13, 2020.

3.   State whether the Defendant, its agents, servants or employees received any complaints on June 13, 2020, about the condition of the area where Plaintiff fell prior to Plaintiff's fall on June 13, 2020. Please provide the full name(s) and address(es) of the person(s) who made the complaint, the date and time of the complaint, and the nature of the complaint.

4.   Please state whether there have been any slip and falls at the store where this incident occurred during the three years prior to the subject incident? If so, please provide:
   (a)   Number of slip and falls?
   (b)   Date of each slip and fall?
   (c)   Name, address and telephone number of each person who slipped and fell?
   (d)   Whether or not the person reported any injuries?
   (e)   Identify the condition that was reported to have caused the slip and fall (e.g. Water, Juice, etc.)

5.   With respect to each occurrence identified in the preceding question, please state the following:

   (a)   Whether Fire Rescue reported to the scene?
   (b)   Whether a claim was made against the Defendant?
   (c)   Whether a lawsuit was filed, and if so, please provide the case number?

6.   State the full name and address of each eyewitness to all or part of Plaintiff's incident on June 13, 2020.

7.   State the full name, address, and phone number of all persons, including employees, who were at or near the scene of Plaintiff's accident within one (1) hour before the incident on June 13, 2020.

8.   State the full name, address, and phone number of all persons, including employees, who arrived at the accident scene within one (1) hour after Plaintiff's incident on June 13, 2020.

9.   State the full name, address, and phone number of each person(s) who investigated the facts and circumstances of Plaintiff's incident on June 13, 2020 for you or your insurance carrier.

10.  State the full name, address, and phone number of all persons, including employees, who has given or provided a statement concerning Plaintiff's incident on June 13, 2020.

11.  If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on June 13, 2020, state full name and address of the person who made the report, the date it was made and in whose custody it is.

12.  State the full name(s) and address(es) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

13.  Describe the frequency and times of inspections of the incident area prior to the incident on June 13, 2020.  State the full name, address, and job title of the person who made the last inspection of the area where the Plaintiff's incident occurred.

14.  State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's fall on June 13, 2020.

15.  State whether you have within your possession or control photographs of the incident scene as it existed at the time of the Plaintiff's incident on June 13, 2020 or any photographs of Plaintiff on June 13, 2020.  If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs were taken.

16.  Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on June 13, 2020.

17.  If you contend that the Plaintiff acted in such manner as to cause or contribute to the incident on June 13, 2020, give a concise statement of the fact upon which you rely.

18.  Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on June 13, 2020 as described in the Complaint?  If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention.

19.  Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name

of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

20.    Did the Defendant have security cameras operating within the store located at 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County, on the date of the subject accident?  Additionally, did the Defendant have security cameras operating in the area where Plaintiff's incident on June 13, 2020 took place?  If so, did the security cameras capture this incident as it occurred?

21.    If the answer to interrogatory #20 was yes, please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes.

22.    If the answer to interrogatory #20 is yes, does Defendant have video recording footage from the day of the Plaintiff's fall on June 13, 2020, of the store and any video which depicts Plaintiff including the two-hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

23.    Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

**[THIS SPACE LEFT INTENTIONALLY BLANK]**

_____
                                   AFFIANT

STATE OF FLORIDA
COUNTY OF _____)

BEFORE ME, the undersigned authority, personally appeared _____, who being duly sworn, deposes and says that the answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2022.

_____
NOTARY PUBLIC, STATE OF FLORIDA AT LARGE

My Commission Expires:
Personally known:                  _____
or Produced Identification:        _____
Type of Identification Produced:   _____

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

DORIS AGATHA MAYLOR,                          CIVIL DIVISION
                                              CASE NO.:
      Plaintiff,

v.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, WAL-MART STORES EAST, LP

The Plaintiff, Doris Agatha Maylor, by and through the undersigned attorneys, hereby requests the Defendant, Wal-Mart Stores East, LP, produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, pursuant to the Florida Rules of Civil Procedure:

1. The employee safety manual or other written document of the Defendant in effect on June 13, 2020 that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

2. Any and all policies and/or procedures of the Defendant in effect on June 13, 2020 that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

3. Any photographs taken by or on behalf of the Defendant that relate to the parties and/or scene of the alleged occurrence on June 13, 2020.

4. Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5. Any and all statements obtained from any person concerning any of the issues in this lawsuit.

6.      Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

7.      Any and all surveillance or other video or recording depicting the interior and/or exterior of the Wal-Mart Stores East, LP, located 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County, on June 13, 2020, including the two-hour period before the alleged incident and the two-hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

8.      All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

9.      All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

10.     A list of the names and addresses (including clock-in/time records) of all employees employed at Wal-Mart Stores East, LP, located at 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County, on duty on the floor/area where Plaintiff fell on the day of the incident.

11.     Any and all incident reports or accident reports pertaining to the subject incident.

12.     A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

13.     All checklists, sign-off sheets, log books, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on June 13, 2020.

14.     A copy of any report created as a result of Plaintiff's incident on June 13, 2020, that was signed and/or filled out by Plaintiff.

15.     A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on June 13, 2020.

16.     A map (aerial view) of the Defendant's store located at 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County.  identifying the layout of the store as it existed on the date of the incident.

17.     A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

18.     Any document, photograph, or video, identified in your answers to interrogatories.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to

the Complaint and Summons and served to the Defendant, Wal-Mart Stores East, LP.


Dated: 7/21/2022

                                        RUBENSTEIN LAW, P.A.
                                        Attorneys for Plaintiff
                                        9130 S. Dadeland Blvd.
                                        Penthouse Suite
                                        Miami, FL 33156
                                        Phone: (305) 661-6000
                                        Fax: (305) 670-7555
                                        Email: eabel@rubensteinlaw.com
                                        cbarros@rubensteinlaw.com
                                        eservice@rubensteinlaw.com

                                By:     /s/ Evan S. Abel_____
                                        EVAN S. ABEL
                                        FBN: 092229

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

DORIS AGATHA MAYLOR,                    CIVIL DIVISION
                                       CASE NO.:
         Plaintiff,

v.

WAL-MART STORES EAST, LP,

         Defendant.
_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, WAL-MART STORES EAST, LP

The Plaintiff, Doris Agatha Maylor, by and through the undersigned counsel and pursuant to Rule 1.370, Florida Rules of Civil Procedure, requests that Defendant, Wal-Mart Stores East, LP, admit or deny the following:

1.    Wal-Mart Stores East, LP has been properly named in the complaint (i.e. the complaint contains the name of the proper entity to be sued).

2.    Wal-Mart Stores East, LP has been properly served with the summons and complaint.

3.    This matter has been filed within the statute of limitations.

4.    Venue is proper in Miami-Dade County, Florida.

5.    Plaintiff, Doris Agatha Maylor, was lawfully on the premises at the time of her slip and fall on June 13, 2020.

6.    Plaintiff, Doris Agatha Maylor, was a business invitee at the time of her slip and fall on June 13, 2020.

7.    Plaintiff, Doris Agatha Maylor, slipped and fell in the Wal-Mart Stores East, LP, located at 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County, on June 13, 2020.

8.    Plaintiff, Doris Agatha Maylor, suffered injuries as a result of the fall in the Wal-Mart Stores East, LP, located at 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County, on June 13, 2020.

9.    WAL-MART STORES EAST, LP was the owner of the premise located at 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County.

10.   WAL-MART STORES EAST, LP was the owner of the property where the premise in question is located.

11.   Wal-Mart Stores East, LP has surveillance footage capturing and/or depicting the Plaintiff slipping and falling on June 13, 2020.

12.   Wal-Mart Stores East, LP has surveillance footage capturing and/or depicting the Plaintiff at Defendant's premises on June 13, 2020.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to

the Complaint and Summons and served to the Defendant, Wal-Mart Stores East, LP

Dated: <u>7/21/2022</u>

RUBENSTEIN LAW, P.A.
Attorneys for Plaintiff
9130 S. Dadeland Blvd.
Penthouse Suite
Miami, FL 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: eabel@rubensteinlaw.com
cbarros@rubensteinlaw.com
eservice@rubensteinlaw.com

By:   <u>/s/ *Evan S. Abel*</u>
EVAN S. ABEL
FBN: 092229

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

DORIS AGATHA MAYLOR,

CIVIL DIVISION
CASE NO.: 2022-013514-CA-01

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Interrogatories, Interrogatories, Request for Production and Request for Admissions in this action on Defendant:

**Registered Agent, CT Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Evan Abel, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED ON:  on this _____ day of _____, 2022.

Clerk of Said Court

BY:_____
  As Deputy Clerk
  (Court Seal)

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

DORIS AGATHA MAYLOR,

     Plaintiff,

v.

WAL-MART STORES EAST, LP,

     Defendant.

———————————————————————/

CIVIL DIVISION
CASE NO.: 2022-013514-CA-01

## **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Interrogatories, Interrogatories, Request for Production and Request for Admissions in this action on Defendant:

**Registered Agent, CT Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Evan Abel, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED ON:  on this ____ day of _____, 2022.    7/28/2022

Harvey Ruvin,
Clerk of Courts

Clerk of Said Court

217043

BY: _____

As Deputy Clerk
(Court Seal)

# RETURN OF SERVICE

**State of Florida**                    **County of Miami-Dade**                    **Circuit Court**

Case Number: 2022-013514-CA-01

Plaintiff:
**DORIS AGATHA MAYLOR**

vs.

Defendant:
**WAL-MART STORES EAST, LP**

For:
EVAN ABEL, ESQ.
RUBENSTEIN LAW, P.A.(MIAMI)
9130 S. DADELAND BLVD.
PH
MIAMI, FL 33156

Received by Jacqueline Garcia on the 2nd day of August, 2022 at 9:00 am to be served on **WAL-MART STORES,EAST, LP R.A.: CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Jacqueline Garcia, do hereby affirm that on the **2nd day of August, 2022** at **2:05 pm**, I:

served a **CORPORATION, LLC, PARTNERSHIP OR BUSINESS ORGANIZATION** by delivering a true copy of the **Summons, Complaint For Damages And Demand For Jury Trial,Interrogatories, Request For Production AND Request For Admissions** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH as SR CORP OPS MGR FOR REGISTERED AGENT for WAL-MART STORES,EAST, LP**, at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55+, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 140, Hair: Brown, Glasses: N

Under penalty of perjury, I swear or affirm, pursuant to Fla. Stat 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served.

Jacqueline Garcia
SPS #1449

**Executive Express Courier & Process Services**
**4460 NW 73 AVE**
**MIAMI, FL 33166**
**(305) 371-0292**

Our Job Serial Number: JRT-2022055714
Ref: 381601 MAYLOR VS WAL-MART

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2e

Filing # 153896475 E-Filed 07/22/2022 03:12:09 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

DORIS AGATHA MAYLOR,

     Plaintiff,

v.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

CIVIL DIVISION
CASE NO.: 2022-013514-CA-01

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Interrogatories, Interrogatories, Request for Production and Request for Admissions in this action on Defendant:

**Registered Agent, CT Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Evan Abel, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON: on this _____ day of _____7/28/2022_____, 2022.

Harvey Ruvin,
Clerk of Courts

Clerk of Said Court
**217043**
BY: _____
As Deputy Clerk
(Court Seal)

**IN THE CIRCUIT COURT OF THE**
**11th JUDICIAL CIRCUIT IN AND FOR**
**MIAMI COUNTY, FLORIDA**
***(CIVIL DIVISION)***

DORIS AGATHA MAYLOR        CASE NO.: 2022-013514-CA-01

       Plaintiff,

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

**<u>NOTICE OF APPEARANCE</u>**

    **PLEASE TAKE NOTICE** that the law firm LIEBLER, GONZALEZ & PORTUONDO**,**

enters its appearance as counsel for WAL-MART STORES EAST, LP, in these proceedings. All

parties are requested to take notice of the appearance of undersigned counsel and to serve all copies

of any and all motions, orders, pleadings, papers, reports, and/or documents of any kind or nature

upon the undersigned counsel.

             Respectfully submitted,

             **LIEBLER, GONZALEZ & PORTUONDO**
             *Attorneys for Defendant*
             Courthouse Tower - 25th Floor
             44 West Flagler Street
             Miami, FL 33130
             (305) 379-0400
             service@lgplaw.com

     By:      */s/ Christine M. Manzo* _____
             CHRISTINE M. MANZO
             Florida Bar No. 52121
             AMANDA J. PHILLIPS
             Florida Bar No. 111701
             NICHOLAS G. NEVILLE
             Florida Bar No. 123893

CASE NO.: 2022-013514-CA-01

<h2 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h2>

I HEREBY CERTIFY that on this 15<u>th</u> day of August, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Evan S. Abel** (cbarros@rubensteinlaw.com; eservice@rubensteinlaw.com) Rubenstein Law P.A., *Attorneys for Plaintiff*, 9130 S. Dadeland Blvd, Penthouse Suite, Miami, FL 33156.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

**IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT IN AND FOR
MIAMI COUNTY, FLORIDA
*(CIVIL DIVISION)***

DORIS AGATHA MAYLOR                    CASE NO.: 2022-013514-CA-01

      Plaintiff,

v.

WAL-MART STORES EAST, LP

      Defendants.

_____/

**DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516**

      The undersigned law firm hereby designates, pursuant to Rule 2.516, the following e-mail

address for the purpose of service of all documents required to be served pursuant to Rule 2.516

in this proceeding:

Primary E-Mail Address:     service@lgplaw.com

Secondary E-Mail Addresses: cmm@lgplaw.com    ajp2@lgplaw.com    ngn@lgplaw.com

                      ars@lgplaw.com

                           Respectfully submitted,

                           **LIEBLER, GONZALEZ & PORTUONDO**
                           *Attorneys for Defendants*
                           Courthouse Tower - 25ᵗʰ Floor
                           44 West Flagler Street
                           Miami, FL 33130
                           (305) 379-0400
                           service@lgplaw.com

         By:    */s/ Christine M. Manzo*_____
                 CHRISTINE M. MANZO
                 Florida Bar No. 52121
                 AMANDA J. PHILLIPS
                 Florida Bar No. 111701
                 NICHOLAS G. NEVILLE
                 Florida Bar No. 123893

CASE NO.: 2022-013514-CA-01

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15<u>th</u> day of August, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Evan S. Abel** (cbarros@rubensteinlaw.com; eservice@rubensteinlaw.com) Rubenstein Law P.A. *Attorneys for Plaintiff*, 9130 S. Dadeland Blvd, Penthouse Suite, Miami, FL 33156.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

**IN THE CIRCUIT COURT OF THE**
**11th JUDICIAL CIRCUIT IN AND FOR**
**MIAMI COUNTY, FLORIDA**
*(CIVIL DIVISION)*

DORIS AGATHA MAYLOR                    CASE NO.: 2022-013514-CA-01

      Plaintiff,

v.

WAL-MART STORES EAST, LP

      Defendants.

_____/

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO**
**RESPOND TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, WAL-MART STORES EAST, LP ("Defendant"), through undersigned counsel, respectfully requests the Court to enter an order extending the time allowed for Defendant to respond to Plaintiff's Complaint for a reasonable period of time, and states as grounds:

On August 2, 2022, Plaintiff served its Complaint onto Defendant. In order to evaluate the factual allegations stated in the Complaint, research their records, and determine the circumstances involved, Defendant requires additional time to respond to Plaintiff's Complaint. Due to time constraints, undersigned counsel has not been able to contact the counsel for Plaintiff in order to determine her position with respect to the foregoing Motion. The foregoing motion is filed in good faith and not for dilatory or other improper purpose.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, respectfully requests that this Court enter an order granting an extension of time to respond to Plaintiff's Complaint, as well as any other further relief that this Court may deem just and proper.

CASE NO.: 2022-013514-CA-01

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendants*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:   */s/ Amanda J. Phillips*
CHRISTINE M. MANZO
Florida Bar No. 52121
AMANDA J. PHILLIPS
Florida Bar No. 111701
NICHOLAS G. NEVILLE
Florida Bar No. 123893

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Evan S. Abel** (cbarros@rubensteinlaw.com; eservice@rubensteinlaw.com) Rubenstein Law P.A. *Attorneys for Plaintiff*, 9130 S. Dadeland Blvd, Penthouse Suite, Miami, FL 33156.

*/s/ Amanda J. Phillips*
AMANDA J. PHILLIPS

**IN THE CIRCUIT COURT OF THE**
**11TH JUDICIAL CIRCUIT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**
***(CIVIL DIVISION)***

DORIS AGATHA MAYLOR,                          CASE NO.: 2022-013514-CA-01

        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

<u>**WAL-MART STORES EAST, LP'S ANSWER AND**</u>
<u>**AFFIRMATIVE DEFENSES TO COMPLAINT**</u>

    Defendant, WAL-MART STORES EAST, LP ("Defendant"), through undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's, DORIS AGATHA MAYLOR ("Plaintiff"), Complaint, denies all allegations not specifically admitted herein and states the following:

<u>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**</u>

    1.    Defendant admits that Plaintiff is seeking damages in excess of $30,000.00, but denies that Plaintiff is entitled to any damages, let alone a sum in excess of $30,000.00.

    2.    Defendant admits that Plaintiff alleges that she is a resident of Miami-Dade County, Florida.

    3.    Defendant admits that it is a foreign limited partnership with its principal place of business in Arkansas.

    4.    Paragraph 4 calls for a legal conclusion and no response is required. To the extent that a response is required, Defendant admits that Plaintiff alleges that the incident occurred in Miami-Dade County, Florida.

CASE NO.: 2022-013514-CA-01

5.      Paragraph 5 calls for a legal conclusion and no response is required. To the extent that a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the allegations in Paragraph 5 of the Complaint and demands strict proof thereof.

## COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST, LP

Defendant re-affirms and reveres its responses to the proceeding paragraphs.

6.      Defendant admits that it owned, and still owns, the subject property.

7.      In response to the allegations in Paragraph 7 of the Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the allegations in Paragraph 7 of the Complaint and demands strict proof thereof.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint, and demands strict proof thereof.

9.      Defendant denies the allegations in Paragraph 9(a)-(f) of the Complaint, and demands strict proof thereof.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint, and demands strict proof thereof.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint, and demands strict proof thereof.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint, and demands strict proof thereof.

CASE NO.: 2022-013514-CA-01

## **AFFIRMATIVE DEFENSES**

1.  **No Duty.** Defendant did not owe any duty to Plaintiff.

2.  **No Breach of Duty.** While denying all the allegations of the Complaint regarding liability, injuries and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, such damages, if any, arose out of some event or exposure over which Defendant had no control or right to control. At all times relevant thereto, the allegedly dangerous condition referred to by Plaintiff in the Complaint, was neither created by Defendant nor did said condition exist upon the premises for a sufficient length of time that Defendant should have discovered said condition and corrected it or warned Plaintiff as to the existence of said condition. Therefore, Defendant did not breach any duty owed to Plaintiff.

3.  **Reasonableness.** Defendant acted in a reasonable manner under the circumstances.

4.  **Comparative Negligence.** If Plaintiff sustained damages by reason of the matters alleged in the Complaint, and said damages were caused in whole or in part by Plaintiff's own negligence, then Plaintiff is subject to the doctrine of comparative negligence, where Plaintiff's recovery will be diminished by an amount equal to Plaintiff's negligence, pursuant to Fla. Stat. §768.81. In a negligence action, contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery. §768.81(2), Fla. Stat.; *see also Hoffman v. Jones*, 280 So. 2d. 431 (Fla. 1973). Accordingly, Defendant is entitled to the procedures, protections, and benefits of §768.81, and asserts that all damages should be apportioned based upon the fault of any and all persons and/or entities who may be at fault for Plaintiff's alleged damages, if any.

3

CASE NO.: 2022-013514-CA-01

5.     **Nonparty Negligence.** Under §768.81, Fla. Stat., in a negligence action, the court shall enter judgment against each party liable based on such party's percentage of fault and not based on the doctrine of joint and several liability. §768.81(3), Fla. Stat.; *see also Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). Defendant is only responsible for its relative degree of culpability as determined by the trier of fact, pursuant to §768.81, Fla. Stat., and the *Fabre* doctrine.

6.     **Failure to Use Reasonable Care.** If Plaintiff sustained damages as alleged in the Complaint, then Plaintiff failed and neglected to use reasonable care to protect himself, and to minimize and mitigate the losses and damages.

7.     **Assumption of Risk.** Plaintiff knew of the existence of the danger complained of, realized and appreciated the possibility of injury, and having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

8.     **Plaintiff Had Actual or Constructive Knowledge.** Plaintiff had actual or constructive knowledge of the allegedly dangerous condition, which was equal to or greater than Defendant's knowledge of said condition, wherefore and under these circumstances, Defendant is not liable.

9.     **Open and Obvious Peril.** The condition that Plaintiff complains of in the Complaint was open and obvious. Therefore, Defendant did not have a duty to warn Plaintiff.

10.    **Superseding Cause.** Plaintiff's alleged damages, if any, resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Defendant.

11.    **Proximate Cause.** While denying all of the allegations of Plaintiff's Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, Defendant states that to the extent that Plaintiff may be able to prove any negligence or fault on the part of Defendant, it

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 2022-013514-CA-01

was not the proximate cause of any of the damages at issue in the Complaint.

12. **Failure to Mitigate Damages.** Plaintiff has failed to mitigate, minimize, or avoid all or a portion of the damages which comprise Plaintiff's claims.

13. **Failure to State Cause of Action.** Plaintiff's Complaint fails to state a cause of action.

14. **Set-Off.** Defendant is entitled to a set-off for any collateral source payment, as expressed in §768.76, Fla. Stat., that has been paid or are payable to or on behalf of Plaintiff, including a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 848 So. 2d 406 (Fla. 2d DCA 2003). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses assessed but waived or not actually incurred by Plaintiff.

15. **Release of Claim.** To the extent Plaintiff has signed any release or covenant not to sue, or accepted any money or consideration from any person, firm or entity with regard to the alleged incident, Defendant is entitled to the benefit thereof, such that Defendant's liability or responsibility for any damages determined by a jury, if any, is reduced or extinguished thereby.

16. **Defendant Did Not Have Actual or Constructive Knowledge.** Defendant had no actual or constructive knowledge of the conditions that Plaintiff complains of.

17. **Damages.** Without otherwise admitting to the validity of the allegations set forth in the Complaint, Defendant asserts that Plaintiff cannot recover for medical expenses where Plaintiff failed to prove the reasonableness and necessity of the purported medical expenses and/or that said medical expenses are related to the alleged incident.

5

CASE NO.: 2022-013514-CA-01

18.    **Collateral Sources.** Without otherwise admitting the validity of the allegations set forth in the Complaint, Defendant asserts that Plaintiff was the recipient of benefits from private health insurance and/or collateral sources and, therefore, Defendant is entitled to a set-off or a reduction of such sums received against any amount of verdict award that may be entered against Defendant. Plaintiff should not be entitled to recover any damages which would have been avoided had Plaintiff, or any medical provider who accepted assignment, mitigated same by submitting any bills for payment to health insurance or benefits, which would have resulted in reductions of amounts due.

19.    **Any Alleged Damages to be Reduced to Actual Cost of Care.** Without otherwise admitting the validity of the allegations set forth in the Complaint, Defendant asserts that medical benefits of private insurance carriers and/or government benefits (including but not limited to Medicare, Medicaid or other government entity benefit) should limit the amount that a plaintiff can board at trial to that amount which accurately reflects the actual cost of care, e.g. the amount of any lien, less any contractual reductions and/or write downs taken by any health insurance carrier or government health benefits. Defendant asserts a right of reduction and that it is improper to provide a jury with factually incorrect evidence upon which they are to base their verdict.

Defendant reserves the right to add more affirmative defenses as discovery is ongoing.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, demands judgment in its favor and against Plaintiff, DORIS AGATHA MAYLOR, and for any other or further relief this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant, WAL-MART STORES EAST, LP, demands trial by jury of all issues by right so triable.

6

CASE NO.: 2022-013514-CA-01

Respectfully submitted,

**Liebler Gonzalez & Portuondo**
*Attorneys for Defendant*
Courthouse Tower
25th Floor 44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Christine M. Manzo*                          
CHRISTINE M. MANZO
Florida Bar No. 52121
AMANDA J. PHILLIPS
Florida Bar No. 111701
NICHOLAS G. NEVILLE
Florida Bar No. 123893

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of August, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **EVAN S. ABEL**, (eabel@rubensteinlaw.com), RUBENSTEIN LAW, P.A., *Attorneys for Plaintiff*, 9130 S. Dadeland Blvd., Miami, FL 33156.

*/s/ Christine M. Manzo*                          
CHRISTINE M. MANZO