UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22782-CIV-ALTONAGA/Torres

**DORIS AGATHA MAYLOR**,

    Plaintiff,
v.

**WAL-MART STORES EAST, LP**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Wal-Mart Stores East, LP's Motion for Summary Judgment [ECF No. 29], filed on May 16, 2023. Plaintiff, Doris Agatha Maylor filed a Response [ECF No. 49], to which Defendant filed a Reply [ECF No. 57]. The Court has carefully considered the record, the parties' written submissions,[1] and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

This case arises from an incident that occurred at one of Defendant's stores on June 13, 2020. (*See* Index of State Court Docket Entries, Ex. 3, Compl. [ECF No. 11-3] ¶ 7). Plaintiff tripped and fell as the result of a piece of tape or plastic wrapping (the "debris") that was discarded on an aisle floor of the store. (*See* SOF ¶ 6).[2] She asserts a single claim of negligence against Defendant, accusing it of "negligently maintaining its premises" and causing her severe injuries.

---

[1] The parties' factual submissions include Defendant's Statement of Material Facts [ECF No. 28] ("SOF"); Plaintiff's Statement of Material Facts [ECF No. 48] ("Resp. SOF"); and Defendant's Reply Statement of Additional Facts [ECF No. 56] ("Reply SOF").

[2] Unless otherwise noted, the facts referenced by the Court are undisputed by the parties.

1

(Compl. ¶¶ 6–12).

The circumstances leading to the fall, as well as the fall itself, were partially captured on the store's surveillance footage. (*See generally* Mot., Ex. D, Footage [ECF No. 29-4]; Notice of Conventional Filing [ECF No. 38]).[3] It appears an unidentified person dropped the debris on the aisle floor. (*See* Footage 5:25:10–12). Defendant refers to the type of aisle on which this occurred as an "action alley," meaning it is a high-traffic area of the store where employees should be very diligent in monitoring and handling any potentially dangerous conditions. (*See* Resp. SOF ¶ 64).

Over the next two-and-a-half minutes, multiple other unidentified customers — and two of Defendant's employees — passed through the area and over the debris. (*See* Footage 5:25:12–5:27:37). In fact, one unidentified customer even appears to kick and move the debris. (*See id.* 5:26:10–15). Ultimately, Plaintiff walked along the aisle, passed over the debris, and fell (*see id.* 5:27:37–42). In her deposition, Plaintiff confirms that she did not see the debris, which she described as "clear plastic wrap[,]" before her fall. (SOF, Ex. A, Maylor Dep. [ECF No. 28-1] 45:23–46:2 (alteration added)).[4]

Defendant moves for summary judgment in its favor, arguing that Plaintiff has not demonstrated triable issues of fact exist regarding whether Defendant had constructive notice of the debris or that the debris was the cause of Plaintiff's injuries. (*See generally* Mot.).

---

[3] The Court previously had the opportunity to review and address this surveillance footage in its July 16, 2023 Order [ECF No. 69] denying Plaintiff's Motion for Spoliation Sanctions [ECF No. 31]. The same Footage is used in both that motion and the instant Motion. (*Compare* Notices of Conventional Filing [ECF Nos. 38, 44]). To recap: the Footage contains a running clock showing the time of day. (*See generally* Footage). When describing and citing the video, both parties refer to the time of day displayed on the video, rather than the video file's internal time stamps. (*See generally* Mot.; Resp.; Reply). The Court does the same.

[4] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings. Citations to deposition testimony rely on the pagination and line numbering in the original document.

CASE NO. 22-22782-CIV-ALTONAGA/Torres

## II.  LEGAL STANDARD

Summary judgment may be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court draws all reasonable inferences in favor of the party opposing summary judgment. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000).

If the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by: (1) establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim and (2) showing the Court there is insufficient evidence to support the non-moving party's case. *See Blackhawk Yachting, LLC v. Tognum Am., Inc.*, No. 12-Civ-14209, 2015 WL 11176299, at *2 (S.D. Fla. June 30, 2015). "Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must cite to . . . materials in the record or show that the materials cited do not establish the absence or presence of a genuine dispute." *Id.* (alteration added; quotation marks omitted; citing Fed. R. Civ. P. 56(c)(1)).

## III.  DISCUSSION

Defendant argues summary judgment is appropriate because Plaintiff has failed to prove two essential elements of her negligence claim: that (1) Defendant had knowledge of the debris, and (2) the debris was the cause of Plaintiff's injury. (*See generally* Mot.); *see also Oliver v. Winn-*

3

*Dixie Stores, Inc.*, 291 So. 3d 126, 128 (Fla. 4th DCA 2020) (explaining elements of a premises negligence claim). Plaintiff argues that the record demonstrates sufficient disputes of fact exist on both elements. (*See generally* Resp.).

    a.    **<u>Notice</u>**

Defendant first argues that summary judgment is warranted because there is no evidence to support Defendant's actual or constructive knowledge — Defendant's "notice" — of the debris. (*See* Mot. 4–9); *see also* Fla. Stat. § 768.0755(1). According to Plaintiff, the parties' undisputed facts, particularly the Footage, clearly demonstrate that a triable issue of fact exists regarding whether Defendant possessed constructive knowledge of the debris. (*See* Resp. 3–6).

Under Florida law, "[i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1) (alteration added). Actual knowledge exists when a business owner or one of its employees "knows of or creates the dangerous condition." *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001) (citing *Food Fair Stores, Inc. v. Trusell*, 131 So. 2d 730, 732 (Fla. 1961); other citation omitted). Constructive knowledge may be shown with circumstantial evidence that "(a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1) (alterations added). Only constructive knowledge is at issue here. (*See* Resp. 3–6).

Defendant insists that there are "no facts to show any indicia that Wal-Mart or its employees should have known of the plastic wrap." (Mot. 6). Defendant's hyperbole fails to persuade — there exists record evidence from which the trier of fact could determine Defendant

had knowledge of the debris on the floor of the aisle where Plaintiff fell. (*See* Resp. 3–6).

The Court starts with the obvious: the Footage, which shows the debris appeared on the floor at 5:25:12 p.m. and remained there for more than two minutes before Plaintiff's fall. (*See* SOF ¶¶ 31–32, 34, 36–38; Footage 5:25:12–5:27:37). During this time, at least two of Defendant's employees passed through the area and directly over the debris. (*See* Footage 5:25:21–30, 5:25:50–59). Certainly, this creates a triable issue of fact regarding Defendant's knowledge. *See Doudeau v. Target Corp.*, 572 F. App'x 970, 972 (11th Cir. 2014) (holding that an employee's presence in the vicinity of the condition four minutes before the plaintiff's fall supported a finding of a triable issue of fact regarding the defendant's notice, even when it was clear from surveillance footage that the employee's "gaze [was] not on the floor" (alteration added)).

In the face of this unremarkable conclusion, Defendant insists that the nearly two-and-a-half minutes the debris was on the floor is an insufficient amount of time to establish constructive notice. (*See* Mot. 6–7; Reply 2–4). Not so. As Defendant itself recognizes, "there is no bright line rule for how much time is required to impute constructive knowledge[.]" (Reply 3 (alteration added; citing *Lebron v. Royal Caribbean Cruises Ltd.*, 818 F. App'x 918, 921 (11th Cir. 2020); other citations omitted)). Admittedly, longer periods of time may be "sufficient to invite corrective measures." *Lebron*, 818 F. App'x at 921 (citation and quotation marks omitted). But a longer period is not necessary where there are other indicia of knowledge. *See id.*; *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1284 (S.D. Fla. 2021).

Defendant considers the aisle in question an "[a]ction alley[]," meaning it results in "increased store foot traffic" causing a "heightened risk." (Resp. SOF ¶ 64 (alterations added; citations omitted)). Indeed, Defendant's policies instruct its employees to regularly "conduct safety sweeps" of action alleys. (Reply SOF ¶ 64 (citation omitted)). These facts should have put

Defendant's employees on high alert while walking through the aisle. *See Torres*, 555 F. Supp. 3d at 1284 (explaining that the store's notoriously leaky roof should have "put [the defendant]'s employees on high alert for dangerous puddles on what was indisputably a rainy day" (alteration added; citation omitted)).

Regardless of the length of the time the condition existed — and as the Court has already noted — "courts are more likely to find that a business had constructive notice when the business's employees were in the vicinity of where the fall occurred." *Id.* at 1283 (citations and quotation marks omitted). This is "because, with employees in the area, a jury can reasonably infer (at least where the condition is visible) that those employees should have seen the dangerous condition." *Id.* at 1283–84 (citations and emphasis omitted); *see also Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 261 (Fla. 2002) ("The fact that there were three employees in the vicinity of where the fall occurred is sufficient to create a jury question as to whether [the defendant] exercised reasonable care under the circumstances to maintain its premises in a safe condition." (alteration added)).

Given that at least two employees were in the vicinity of the debris, Defendant then attempts to argue the debris could not possibly have been visible to those employees, noting "there is no evidence that [its] employees saw the plastic wrap." (Mot. 7 (alteration added; citations omitted)). Defendant also points to Plaintiff's deposition testimony, where she described the debris as "clear plastic wrap[.]" (Maylor Dep., 45:23–46:2 (alteration added)). From this, Defendant extrapolates that the debris "was colorless and not easily detectable, as it blends with the floor where it lay." (Mot. 7 (citations omitted)).

But whether the employees — let alone Plaintiff — saw the debris before the fall occurred does not conclusively answer the question of constructive notice. As noted, to create a triable issue

of fact, it is sufficient simply for those employees to be "in the immediate vicinity" of the condition. *Torres*, 555 F. Supp. 3d at 1284; *see also Doudeau*, 572 F. App'x at 972; *Plott v. NCL Am., LLC*, 786 F. App'x 199, 203 (11th Cir. 2019) (explaining that constructive knowledge arises when the defendant's employees "knew or should have known" about the condition (citations omitted)). Further, Defendant's characterization of the debris is belied by the record. The debris is plainly visible in the Footage. (*See* Resp. 5–6).

At bottom, an issue of fact exists regarding Defendant's knowledge of the debris. Based on the evidence, one could — and, on a motion for summary judgment, the Court must — draw an inference in Plaintiff's favor as to this disputed material fact. Accordingly, the Court will not grant summary judgment on this issue. *See Perez De Melguizo v. Target Corp.*, No. 18-24106-Civ, 2019 WL 3890326, at *3 (S.D. Fla. June 14, 2019) (finding triable issue of fact where there was evidence demonstrating the defendant's employee was in the vicinity of the dangerous condition).

      b.    **<u>Causation</u>**

Notice aside, Defendant also requests summary judgment because it claims there are no disputed material facts regarding the question of causation. (*See* Mot. 10–15). This argument, too, is due be denied.

The premises liability claim Plaintiff alleges is a "negligence claim with the added elements of possession/control of the premises, and notice of the dangerous condition." *Oliver*, 291 So. 3d at 128 (citation and quotation marks omitted). The elements of a cause of action for negligence are "(1) a duty to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff arising from the defendant's breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant's breach of duty." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089

(Fla. 3d DCA 2011) (citation omitted).

Medical causation, "which involves technical and scientific issues[,]" like the causation element here, requires competent, expert medical testimony to be presented to the jury. *Jacob v. Korean Air Lines Co.*, 606 F. App'x 478, 481 (11th Cir. 2015) (alteration added; citations and footnote call number omitted); (Mot. 13–15 (collecting cases)). Plaintiff does not dispute that the causation question will rely on expert testimony; in fact, she intends to offer her own treating physicians to opine on the issue. (*See* Resp. 6–9). In its Motion, Defendant does not challenge the substance of Plaintiff's experts' opinions, but instead argues that Defendant failed to adequately disclose these opinions under the Federal Rules of Civil Procedure. (*See* Mot. 10–15). According to Defendant, this alleged noncompliance should preclude Plaintiff's experts from testifying — thus denying Plaintiff the ability to prove causation. (*See id.*).

Defendant's argument is the same one it raised in its Omnibus Motion *in Limine* [ECF No. 51], and which the Court already addressed at a July 10, 2023 hearing [ECF No. 67]. For the reasons stated in open court, Defendant's argument in its Motion *in Limine* was denied. (*See* July 10, 2023 Order [ECF No. 68]). For those same reasons, the argument is once more denied here.

In short, Plaintiff does have experts prepared to testify regarding causation, and Defendant does not otherwise contest those opinions. Therefore, triable issues of fact remain on the question of causation, and summary judgment is not warranted.

### IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment **[ECF No. 29]** is **DENIED**.

CASE NO. 22-22782-CIV-ALTONAGA/Torres

**DONE AND ORDERED** in Miami, Florida, this 24th day of July, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record